**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-CV-2025-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NORTHERN DISTRICT OF CALIFORNIA CLERK, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the court is Plaintiff's complaint. See ECF No. 1. The Court dismisses the complaint with leave to amend.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

1  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
2  of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
3  662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which
4  requires sufficient factual detail to allow the Court to reasonably infer that each named defendant
5  is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969
6  (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the
7  deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the
8  allegations "do not permit the court to infer more than the mere possibility of misconduct," the
9  complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise
10 legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

11      The Court must construe a pro se litigant's complaint liberally. See Haines v.
12 Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir.
13 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential
14 elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d
15 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
16 The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff
17 can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho
18 Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

19                    **II. PLAINTIFF'S ALLEGATIONS**

20      Plaintiff is a state prisoner. See ECF No. 1 at 1. He apparently brings suit against
21 four defendants. See id. at 1–2. Plaintiff names as defendants the Clerk of the Court of the Northern
22 District of California; a United States Magistrate Judge and a United States District Judge in the
23 Eastern District;[1] and J. Curry, a correctional officer at California State Prison, Corcoran. Id.
24 / / /
25 / / /

---

[1] Plaintiff specifies that he sues "Magistrate Judge of Court at Norther[n] District." ECF No. 1 at 2. He lists the initials of the judges apparently assigned to one of his previous cases, "DAD" and "SAB." Id. The initials Plaintiff identifies are the initials of two judges sitting in the *Eastern* District of California. Id. The Court construes Plaintiff's complaint as bringing suit against those judges. Id. To the extent that the Court is wrong, and Plaintiff does mean to sue a Magistrate Judge and a District Judge in the Northern District of California, the Court's analysis below is unchanged.

2

Plaintiff's complaint is brief, but it is difficult to decipher. Id. at 3. He contends that he filed at least three cases in federal court around 2017 and 2018. See id. The cases concerned lost property. Id. Defendant Curry allegedly caused Plaintiff to lose receipts for his personal property. Id. Plaintiff filed at least one case in the Northern District of California and the other two in the Eastern District of California. See id. It is possible that the case from the Northern District was transferred to the Eastern District. See id. The case in the Northern District was closed. Id. A Magistrate Judge in the Eastern District allegedly stated that both of Plaintiff's cases in the Eastern District were initially filed in the Northern District. Id. Plaintiff contends that he notified the Magistrate Judge that the statement was incorrect. Id. He requested to withdraw one of his cases. Id. The cases in the Eastern District were apparently also closed. See id.

Plaintiff submitted his complaint on the Court's standard form for prisoner civil rights cases. See id. In the space directing prisoner plaintiffs to state the constitutional or other federal civil right they believe was violated, Plaintiff wrote, "delay of process unusual assessment of twice cases and dismiss cases closed." Id. Substantively, Plaintiff appears to go on to take issue with the assertedly improper closure of his cases, some alleged delay, and denial of motions for leave to proceed in forma pauperis. See id. Plaintiff contends that the judges in the Eastern District ignored him and (ostensibly) improperly denied his motions for leave to proceed in forma pauperis. Id. Because of the dismissal of his cases, Plaintiff has "two strikes" against him.[2] Id.

Plaintiff does not include any other allegations in the complaint. See id. He essentially requests withdrawal of the strikes assessed against him in error and damages as relief. Id. at 6.

///

///

///

---

[2] Plaintiff's states that he has "two strikes" against him, apparently referring to the Prison Litigation Reform Act's (PLRA) three-strikes rule. See ECF No. 1 at 3; Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1054 (9th Cir. 2016). The PLRA's three-strikes rule bars prisoners from proceeding in forma pauperis if they have "three strikes." Washington, 833 F.3d at 1054. Specifically, if on three or more previous occasions a prisoner brought a case that was dismissed on the basis that it was frivolous, malicious, or failed to state a claim on which relief could be granted, the prisoner cannot proceed in forma pauperis. Id.; see 28 U.S.C. § 1915(g).

## II. DISCUSSION

**A. § 1983 Standards:**

Section 1983 provides a remedy for the violation of constitutional and federal statutory rights by a person acting under the authority of state law. 42 U.S.C. § 1983; see, e.g., Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983, however, is not itself a source of substantive rights. Albright v. Oliver, 510 U.S. 266, 271 (1994); Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Rather, § 1983 is a vehicle for vindicating rights "elsewhere conferred." Sampson, 974 F.3d at 1018.

To state a claim under § 1983, Plaintiff must allege (1) a deprivation of his constitutional rights or federal protected rights and (2) that the defendant's actions were taken under color of state law. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see Sampson, 974 F.3d at 1018; Hall, 697 F.3d at 1068. Plaintiff, in other words, must plausibly allege that he suffered a violation of a federally protected right and that a person acting under color of state law *committed* that violation. See, e.g., Sampson, 974 F.3d at 1018; Long, 442 F.3d at 1185.

A person deprives another of a constitutional right within § 1983's meaning if they take an affirmative action, participates in another person's affirmative action, or fails to take an action that they are legally required to take and that causes the alleged deprivation. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007); see Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012). Personal participation, however, is only one predicate for liability under § 1983. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see Lacey, 693 F.3d at 915. "The requisite causal connection may [also] be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.3d at 743). This standard of causation resembles the typical "foreseeability" formulation of proximate cause. Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

In sum, there can be no § 1983 liability unless there is an adequate link or connection between a defendant's actions and the claimed deprivation. See, e.g., Arnold, 637 F.2d at 1355; Johnson, 588 F.2d at 743; see also Harper, 533 F.3d at 1026. A plaintiff must show that a defendant was the actionable cause of a claimed injury. Harper, 533 F.3d at 1026. Vague and conclusory allegations of official participation in a civil rights violation are unsatisfactory. Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014); Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Plaintiff Fails to Show that Curry is Responsible for Any Deprivation in this Case:**

Other than stating that Curry is responsible for denying him property and that Plaintiff sued over that property in previous cases, Plaintiff has not explained how Curry is linked to a deprivation of a protected right in *this* case. See ECF No. 1 at 3. As indicated above, § 1983 has a causation requirement. See, e.g., Lacey, 693 F.3d at 915; Harper, 533 F.3d at 1026. Plaintiff must show that Curry's conduct is the actionable cause of an alleged injury. Harper, 533 F.3d at 1026. But insofar as the case-related allegations in this case go, Plaintiff has not asserted that Curry acted, failed to act, or participated in someone else's action and thereby violated Plaintiff's rights. See id.; Preschooler II, 479 F.3d at 1183. Plaintiff has not, for example, alleged how Curry has any relationship to the dismissal of his cases or the allegedly improper denials of his motions to proceed in forma pauperis. See ECF No. 1 at 3.

**C. Absolute Immunity:**

Plaintiff cannot sue the Clerk of the Court of the United States District Court for the Northern District California. Nor can he sue the United States District Judge or Magistrate Judge from the Eastern District.

Judges are absolutely immune from liability for judicial acts taken within their official capacity. See Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Judges retain absolute immunity even when accused of acting corruptly, maliciously, or in error. See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978); Ashelman, 793 F.2d at 1075. The absolute immunity afforded to judges disappears only when a judge acts in the *clear* absence of all jurisdiction or takes an action that is not judicial in nature. Stump, 435 U.S. 356–57; Sadoski v.

1  Mosley, 435 F.3d 1076, 1079 (9th Cir. 2008); Meek v. County of Riverside, 183 F.3d 962, 965–66
2  (9th Cir. 1999); Schucker, 846 F.2d at 1204.

3  Similarly, absolute judicial immunity may extend to officials other than judges, such
4  as court personnel, when they undertake functions that are an "integral part of the judicial process."
5  See, e.g., Dobard v. U.S Dist. Court for Northern California, 43 F.3d 1478, *2 (9th Cir. 1994);
6  Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987); see also Miller v. Gammie, 335
7  F.3d 889, 895–96 (9th Cir. 2003). When judicial immunity extends to officials other than judges,
8  it is because those officials' judgments are comparable to those of judges. Dobard, 43 F.3d at *2.
9  The United States Supreme Court has taken a "functional approach" to determining whether
10 absolute immunity applies in a particular circumstance. E.g., Buckley v. Fitzsimmons, 509 U.S.
11 259, 268–69 (1993). The Supreme Court looks to "the nature of the function performed, not the
12 identity of the actor who performed it." Id. Thus, immunity may extend when other officials'
13 activities are "functionally comparable" to judges' duties. E.g., Miller, 521 F.3d at 1145.

14 "Court clerks have absolute quasi-judicial immunity from damages for civil rights
15 violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S.
16 Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987). For example, commencement of a lawsuit
17 through the filing of a complaint is a basic, integral part of the judicial process. Id. The Clerk of the
18 Court (and the Clerk's deputies) are the officials through whom filing is done. Id. Court clerks
19 accordingly qualify for quasi-judicial immunity unless their actions were taken in the clear absence
20 of all jurisdiction. Id. More specifically, when clerks file or refuse to file a document with the court,
21 they are entitled to quasi-judicial immunity, provided the acts complained of are within the clerk's
22 jurisdiction. See id.; see also Dobard, 43 F.3d at *2.

23 Here, insofar as their official actions extend, the Magistrate Judge and District Judge
24 defendants are absolutely immune from suit. See Miller, 521 F.3d at 1145; Schucker, 846 F.2d at
25 1204. Dismissing Plaintiff's case or issuing other orders do not constitute actions over which
26 Plaintiff may sue. See Miller, 521 F.3d at 1145; Stump, 435 U.S. at 356–57; Shucker, 846 F.2d at
27 1204; Ashelman, 793 F.2d at 1075. Even if in error, the judges' denials of Plaintiff's motions do
28 not vitiate their absolute immunity. Schucker, 846 F.2d at 1204. The claims cannot proceed.

Furthermore, Plaintiff's claims against the Clerk of the Court of the Northern District of California also cannot proceed. It is unclear why exactly Plaintiff sues the Clerk. But to the extent that the Clerk in the Northern District was involved in carrying out transfer and dismissal of Plaintiff's cases alongside enforcement of judges' other orders, the Clerk's actions were an integral part of the judicial process. See Mullis, 828 F.2d at 1390. Plaintiff makes no allegation that the Clerk acted outside their role as the Clerk of the Court or in the absence of all jurisdiction. See ECF No. 1 at 3. The Clerk is thus entitled to immunity. See Mullis, 828 F.2d at 1390; see Torres v. Voltz, No. 19-cv-03874-LB, 2019 WL 3345972, at *5 (N.D. Cal. July 25, 2019); Robben v. El Dorado County, No. 2:16-cv-2695 MCE KJN P, 2017 WL 999464, at *3 (E.D. Cal. Mar. 14, 2017).

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the

7

following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 18, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE