# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-CV-2025-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NORTHERN DISTRICT OF CALIFORNIA CLERK, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's motion, ECF No. 12, for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In <u>Terrell</u>, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

<u>Id.</u> at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because Plaintiff does not speak English. <u>See</u> ECF No. 12, pg. 1. These circumstances are common among all non-English speaking prisoners and are not the types of exceptional circumstances necessary for the appointment of counsel. In addition, insofar as Plaintiff is requesting an interpreter, Plaintiff is not entitled to an interpreter because this is not a judicial proceeding instituted by the United States. <u>See</u> 28 U.S.C. § 1827(a). Finally, Plaintiff has not argued the likelihood of success on the merits. And seeing as that Plaintiff has not passed the screening stage of the proceedings, the Court cannot determine the likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 12, is denied.

Dated: November 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE