**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROGELIO MAY RUIZ, | No. 2:20-CV-2025-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| NORTHERN DISTRICT OF CALIFORNIA CLERK, | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 11. Plaintiff's first amended complaint is written in Spanish.

The Court cannot accept submissions in a language other than English. United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). Sister courts in the Eastern District have reached the same conclusion. Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P, 2020 WL 5995097, at *1 (E.D. Cal. Oct. 9, 2020). Courts sitting in other districts have also recognized that submissions in federal court must be in English. Arteaga v. Cinram-Technicolor, No. 3:19-cv-00349, 2020 WL 1905176, at *1 (M.D. Tenn. Apr. 17, 2020); Kim v. Chung Sook Lee, No. 18-CV-12230 (CM), 2019 WL 4688692, at *2 (S.D. N.Y. Sept. 24, 2019); Ramirez-

1

1  Solorio v. United States, No. 1:15-CV-3769-AT-JFK, 2017 WL 2350209, at *1 & n.1 (N.D. Ga.
2  May 31, 2017).  Moreover, courts in this district have rejected (or recognized that they are unable
3  to consider) submissions that would require translation from a language other than English.
4  Rodriguez, 2020 WL 5995097, at *1; see Ruiz v. Ehlers, No. 2:21-cv-00146-JAM-JDP (PC),
5  2021 WL 2313385, at *1 n.1 (E.D. Cal. May 5, 2021); Ruiz v. Mobert, No.: 1:17-cv-00709-BAM
6  (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017) ("As Plaintiff has been previously informed,
7  the Court cannot provide Plaintiff with translated documents, nor will it translate his documents
8  from Spanish into English.").

9        Because it is possible that the deficiencies identified in this order may be cured by
10 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
11 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
12 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
13 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
14 amend, all claims alleged in the original complaint which are not alleged in the amended
15 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
16 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make
17 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
18 complete in itself without reference to any prior pleading.  See id.

19       If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate in English
20 how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional
21 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific
22 terms how each named defendant is involved and must set forth some affirmative link or
23 connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto,
24 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25       Finally, Plaintiff is warned that failure to file a second amended complaint within
26 the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d
27 at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to
28 comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule

41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's first amended complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: November 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE